Jules Russ, Respondent, v. The West End Brewing Company, Appellant.

Fourth Department, January 3, 1917.

Intoxicating liquors — when action by holder of liquor tax certificate to recover moneys paid to brewing company to indemnify bondsmen, premature.

Where an applicant for a liquor tax certificate paid money to a brewing company to indemnify his bondsmen, the bond providing among other things "That all fines and penalties which shall accrue during the time the certificate applied for is held, and any judgment or judgments recovered therefor, will be paid, together with all costs taxed or allowed in any action or proceeding brought or instituted under the provisions of the said Liquor Tax Law," and such person pleaded guilty to an indictment charging him with the crime of maintaining a disorderly house, thereby breaching a condition of his bond, but no action has been brought thereon, but the certificate having been assigned, a proceeding is pending to cancel the same based upon the original holder's misconduct, an action by him to recover the money paid to the brewing company is premature.

Appeal by the defendant, The West End Brewing Company, from a judgment of the County Court of Oneida county, entered in the office of the clerk of said county on the 10th day of June, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Timothy Curtin*, for the appellant.

*James W. Watts*, for the respondent.

Kruse, P. J.:

The plaintiff trafficked in liquors in the city of Utica under a liquor tax certificate issued to him in October, 1912. He had difficulty in obtaining bondsmen, but finally seems to have secured the same through the brewing company, the defendant, paying to it $600.

This controversy arises over the $600. The plaintiff contends that it was paid to the brewing company to indemnify the bondsmen, while the defendant contends that it was given

as general security for any costs or expense which might be incurred in defending the plaintiff, his sureties or any proceeding arising out of the traffic.

The question in dispute was submitted to the jury, which found in favor of the plaintiff upon that question.

There was no dispute but that the plaintiff breached the conditions of his bond, since he admitted that on the 13th of June, 1913, he pleaded guilty to an indictment charging him with the crime of maintaining a disorderly house on the premises covered by the certificate. But no action has ever been brought upon the bond and it is contended by plaintiff's counsel that nine months having elapsed since the offense was committed and since he was convicted, no action can now be maintained thereon, and, therefore, no liability can arise against the sureties, referring to section 16 of the Liquor Tax Law, which provides: "The State Commissioner of Excise may * * * maintain an action * * * for the recovery of the penalty for the breach of any condition of any bond or for any penalty or penalties incurred or imposed for a violation of this chapter, provided, however, that such action must be commenced within nine months after the cause of action has accrued." (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 16, as amd. by Laws of 1910, chap. 484, and Laws of 1911, chap. 223.)*

That may be so, if this is the only breach, although the defendant contends that section 401 of the Code of Civil Procedure applies and that because of plaintiff's absence from the State the cause of action is not barred. But even if it is not barred as against the plaintiff, it may be as against the sureties, and in that event no enforcible liability exists against them upon the bond unless there are other breaches than the one to which I have referred.

I think the plaintiff has failed to establish that this may be the only breach. It appears that just before the plaintiff was indicted he became aware that there was an investigation relating to his traffic and he was liable to be indicted and so informed the defendant brewing company. Thereupon it was arranged that the certificate should be transferred to one Wurz, which was done a day or two before the indictment was pre-

* Since amd. by Laws of 1916, chap. 416. — [REP.

sented and the plaintiff arraigned thereon. Thereafter, and three days before the certificate expired, the proceeding was brought to cancel the certificate, based upon the plaintiff's misconduct in keeping a disorderly house, and which is still pending. (*Matter of Farley,* 164 App. Div. 967; revd., 217 N. Y. 105.) Among other conditions contained in the bond is the following: "That all fines and penalties which shall accrue during the time the certificate applied for is held, and any judgment or judgments recovered therefor, will be paid, together with all costs taxed or allowed in any action or proceeding brought or instituted under the provisions of said Liquor Tax Law." Under the above provision of the bond the sureties will be liable for all costs which are allowed to the State Commissioner in the cancellation proceeding. This action is, therefore, prematurely brought, even though the plaintiff's contention respecting the conditions upon which the money was paid to the brewing company is correct.

I think the motion for a nonsuit should have been granted, and under the circumstances of this case that should be done now. The judgment and order should be reversed and the motion for a nonsuit granted and the complaint dismissed, with costs to the appellant in this court and at the Trial Term.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.